THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROGER J. DEMING,<br><br>               Plaintiff,<br><br>   v.<br><br>FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK, MERRILL LYNCH & CO., INC., and BANK OF AMERICA CORPORATION,<br><br>               Defendants. | No. 09-05418 RJB<br><br>**MOTION TO DISMISS OF DEFENDANTS FIRST FRANKLIN, MERRILL LYNCH & CO., INC., AND BANK OF AMERICA CORPORATION**<br><br>**NOTE ON MOTION CALENDAR: FRIDAY, NOVEMBER 13, 2009** |

## MOTION

Defendants First Franklin, a division of National City Bank ("First Franklin"), Merrill Lynch & Co., Inc., and Bank of America Corporation (collectively "Defendants") move for an order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing the Class Action Complaint for Damages/Injunctive Relief ("Complaint") of Plaintiff Roger J. Deming ("Plaintiff" or "Deming"). Plaintiff's Complaint fails to state a claim upon which relief may be granted as a matter of law because the state statute upon which Plaintiff's allegations are based does not apply to First Franklin and the transactions at issue. Furthermore, each of Plaintiff's claims, which attempt to impose state-law limitations on a national bank's real estate lending powers and the fees and charges a national bank may charge, are preempted by the National Bank Act and the regulations promulgated thereunder by the Office of the

MOTION TO DISMISS OF DEFENDANTS - 1
CASE NO.  09-05418 RJB

124386.0001/1767726.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Comptroller of the Currency. Plaintiff cannot amend to state a cause of action. Accordingly, Plaintiff's Complaint should be dismissed without leave to amend.

This motion is based on the files and records herein, the below Memorandum of Points and Authorities, and the accompanying declarations of Mary McGuirk and John Devlin filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's Complaint alleges claims against defendants First Franklin, a division of National City Bank ("First Franklin"), Merrill Lynch & Co., Inc. ("Merrill Lynch"), and Bank of America Corporation ("Bank of America") (collectively "Defendants") for violation of the Washington Consumer Loan Act, RCW 31.04 *et seq.*, the Washington Consumer Protection Act, Washington RCW 19.86 *et seq.*, and for injunctive relief. Each of Plaintiff's claims is founded upon the allegation that First Franklin allegedly charged administrative and compliance review fees in connection with Plaintiff's mortgage loans. Plaintiff alleges the fees were in violation of Washington Code section 31.04, which, in certain instances, prohibits Washington State Department of Finance licensees from charging certain fees on junior liens. However, each of Plaintiff's claims fails as a matter of law.

First, the statute upon which Plaintiff purports to base his claims is inapplicable to the loans at issue. The statute is inapplicable to national banks and their divisions, like First Franklin, and First Franklin was not a Washington State licensee when the loans were funded. In addition, the statute only applies to junior liens, yet Plaintiff seeks to allege claims related to both a senior and a junior loan.

Second, Plaintiff's claims fail as a matter of law because they are preempted by the National Bank Act and the regulations promulgated thereunder by the Office of the Comptroller of the Currency ("OCC"). First Franklin funded the loans as a division of National City Bank, a national bank. The National Bank Act preempts state law limitations

MOTION TO DISMISS OF DEFENDANTS - 2
CASE NO. 09-05418 RJB

on a national bank's real estate lending powers, including those that impose restrictions on the fees a national bank may charge. It applies to divisions of national banks, such as First Franklin. Accordingly, Plaintiff's claims are preempted, and this Court should grant Defendants' motion to dismiss without leave to amend.

## II.  SUMMARY OF ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff's Complaint alleges that in December 2006, he entered into two residential mortgage loans with First Franklin secured by deeds of trust on his real property in Olympia, Washington. Complaint ¶¶ 4.2, 4.4. Plaintiff alleges that First Franklin charged an "Administration Fee" of $795.00 on the first promissory note, an "Administration Fee" of $350.00 on the second promissory note, and a "Compliance Review Fee" of $15.00 on the second promissory note. *Id.* at ¶ 4.7. Plaintiff alleges that these fees were charged in violation of the Washington Consumer Loan Act and Washington Administrative Code section 208-620-560(7), which provides that, on junior lien loans, "[a] licensee may not collect a document preparation fee, a processing fee or a courier fee unless paid to an unrelated third party and agreed to in advance by the borrower." WAC § 208-620-560(7).

Plaintiff seeks to represent a class that he alleges consists of:

> All residents of the state of Washington to whom Defendants made residential mortgage loans during the Class Period in Washington in which Defendants charged and collected an "Administrative Fee" as defined in WAC 208-620-560(7) (i.e. a document preparation fee, a processing fee or a courier fee that was neither paid to an unrelated third party nor agreed to in advance by the borrower) and/or other fees prohibited by WAC 208-620-560(7).

*Id.* ¶ 5.1.

Because the National Bank Act preempts the state statute upon which Plaintiff bases his claims and because it is otherwise inapplicable to First Franklin and Plaintiff's loans, Plaintiff's Complaint cannot survive Defendants' Motion to Dismiss.

Furthermore, Plaintiff has not alleged any wrongful conduct by defendants Merrill Lynch or Bank of America. Plaintiff's sole allegations against Merrill Lynch and Bank of

MOTION TO DISMISS OF DEFENDANTS - 3
CASE NO.  09-05418 RJB

America are that Merrill Lynch purchased the First Franklin loan origination and servicing platform from National City Bank, and that Bank of America later acquired Merrill Lynch. *See* Complaint ¶¶ 3.3-3.4. Accordingly, Plaintiff's Complaint further fails to state any cause of action against defendants Merrill Lynch or Bank of America.

### III.  ISSUE PRESENTED

Whether Plaintiff's claims against defendants First Franklin, Merrill Lynch and Bank of America Corporation for violation of the Washington Consumer Loan Act, RCW 31.04 *et seq.*, the Washington Consumer Protection Act, Washington RCW 19.86 *et seq.*, and for injunctive relief should be dismissed with prejudice because: (1) the statute upon which Plaintiff purports to base his claims is inapplicable to the loans at issue, and (2) they are preempted by the National Bank Act and the regulations promulgated thereunder by the OCC.

### IV.  EVIDENCE RELIED UPON

The evidentiary basis for this motion to dismiss for failure to state a claim are the allegations stated in Plaintiffs' Complaint, the accompanying declaration of Mary McGuirk, and the exhibits attached to the declaration of John Devlin filed herewith.

### V.  ARGUMENT

**A.  STANDARDS FOR MOTION TO DISMISS.**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed for failure to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under Rule 12(b)(6), dismissal is proper where the plaintiff has not alleged facts which would entitle him to relief. *See*, *e.g.*, *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978) (citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). A complaint fails to state a claim if the complaint: (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

MOTION TO DISMISS OF DEFENDANTS - 4
CASE NO.  09-05418 RJB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
124386.0001/1767726.1                    206.223.7000 FAX: 206.223.7107

1  of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss is properly granted when the claim is preempted by federal law. *See, e.g., Cal. Fed. Savings & Loan Ass'n. v. Guerra*, 479 U.S. 272, 280 (1987)**.**

Although, when considering a motion to dismiss, all well-pleaded facts are presumed to be true and all reasonable inferences are drawn in favor of the plaintiff, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, (1986); *see also Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir. 2007). More recently, in *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 177 L.Ed.2d 868 (2009), the United States Supreme Court expanded upon its reasoning in *Twombly*, stating that:

> [T]he pleading standard under [Fed. R. Civ. P.] 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Iqbal*, 129 S.Ct. at 1949 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* (*citing Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). In *Iqbal*, the Court reasoned that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

MOTION TO DISMISS OF DEFENDANTS - 5
CASE NO. 09-05418 RJB

124386.0001/1767726.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

The Supreme Court outlined two "working principles" for applying the *Twombly* standard in the motion to dismiss context:

> [(1)] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . **[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice, [and (2)] only a complaint that states a plausible claim for relief survives a motion to dismiss.**

*Id.* at 1949-50 (emphasis added). The Court noted that the determination of whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense, "but where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]" — "that the pleader is entitled to relief." Id. at 1950 (*citing* Fed. R. Civ. P. 8(a)). As additional guidance in applying these principles, the Court stated:

> [A] court considering a motion to dismiss can choose to begin by **identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth**. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. (emphasis added).

Additionally, courts may consider any facts properly subject to judicial notice. *See Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (a court may take judicial notice of "matters of public record"); *see also Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (same).

Here, the Complaint and the matters of judicial notice establish that Plaintiff has failed to state a plausible claim upon which relief can be granted, and Plaintiff's Complaint should be dismissed.

MOTION TO DISMISS OF DEFENDANTS - 6
CASE NO. 09-05418 RJB

124386.0001/1767726.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

B.  **WASHINGTON ADMINISTRATIVE CODE SECTION 208-620-560 IS NOT APPLICABLE TO PLAINTIFF'S TRANSACTIONS**.

Plaintiff's claims are all based on the allegations that the fees allegedly charged by First Franklin were charged in violation of Washington Administrative Code section 208-620-560(7), which provides that "[a] licensee may not collect a document preparation fee, a processing fee or a courier fee unless paid to an unrelated third party and agreed to in advance by the borrower," on junior lien loans. WAC § 208-620-560(7). Plaintiff alleges that, as a result of these allegedly unlawful "fees," Defendants violated RCW § 31.04.027(2) and RCW § 31.04.027(3), which prohibit a licensee from "[d]irectly or indirectly engag[ing] in any unfair or deceptive practice toward any person," or from "[d]irectly or indirectly obtain[ing] property by fraud or misrepresentation." RCW § 31.04.027(2) and RCW § 31.04.027(3).

By the plain language of these sections, they do not apply to national banks. Those entities that engage in "business under, and as permitted by, any law of this state or of the United States relating to banks, savings banks, trust companies, savings and loan or building and loan associations, or credit unions," are exempt from the state license requirements. *See* RCW § 31.04.035; s*ee also* RCW § 31.04.025(1)(a) (Noting chapter does not apply to "[a]ny person doing business under, and as permitted by, any law of this state or of the United States relating to banks, savings banks, trust companies, savings and loan or building and loan associations, or credit unions.")  In addition, the statutes apply only to "licensees," or those who hold licenses from the Washington State Department of Finance. *See* WAC § 208-620-560(7); *see also* RCW § 31.04.027(2) and RCW § 31.04.027(3).

First Franklin was a division of a national bank, National City Bank, at the time the loans were funded and, accordingly, Plaintiff's loans were made pursuant to the laws relating to national banks. *See* Complaint ¶ 3.3; *see also Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 9-10 (2007) ("*Watters*") (National Bank Act and OCC regulations apply equally to divisions of national banks). First Franklin relinquished its lending license from the Washington State

MOTION TO DISMISS OF DEFENDANTS - 7
CASE NO.  09-05418 RJB

124386.0001/1767726.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Department of Finance on or about January 19, 2005.  *See* Declaration in Support of Motion to Dismiss of Defendants First Franklin, Merrill Lynch & Co., Inc., and Bank of America Corporation ("McGuirk Decl.") ¶ 3.  The loans at issue in Plaintiff's Complaint were funded on December 15, 2006.  *See* Complaint ¶ 4.4.  Because First Franklin was a division of an operating bank and not a licensee at the time the transaction occurred, the statute does not apply and Plaintiff's Complaint should be dismissed.

Additionally, because WAC § 208-620-560 specifically relates to "charging fees on junior lien loans," Plaintiff's claims also fail to the extent he seeks to base them on fees allegedly charged on the senior loan.  *See* WAC § 208-620-560; *see also* Complaint ¶ 4.7(a) ("First Franklin charged Mr. Deming an "Administration Fee" in the amount of $795.00 on Promissory Note #1").  As such, Plaintiff has failed to state a plausible claim, and this Court should grant Defendants' Motion to Dismiss.

## C. PLAINTIFF'S CLAIMS ARE PREEMPTED BY THE NATIONAL BANK ACT.

### 1. Standard for Federal Preemption under the National Bank Act.

Without regard to whether the Washington state statute applies to Plaintiff's loan transactions, which it does not, Plaintiff's complaint also cannot survive this Motion to Dismiss because Plaintiff's claims are preempted by the National Bank Act as a matter of law.  The business activities of national banks, including their divisions and subsidiaries, are controlled by the National Bank Act, 12 U.S.C. §§ 1 *et seq*., and the regulations promulgated thereunder by the OCC.  *See, e.g. Watters*, 550 U.S. at 9-10.  First Franklin funded the loans at issue as a division of National City Bank.  *See* Complaint ¶¶ 1.1, 3.2; McGuirk Decl. ¶ 3.  National City Bank is a national bank.  *See* McGuirk Decl. ¶ 3; *See* Document entitled "National Banks active as of August 31, 2009," attached as Exhibit A to Declaration of John S. Devlin in Support of Motion to Dismiss of Defendants First Franklin, Merrill Lynch & Co., Inc., and Bank Of America Corporation ("Devlin Decl.") ¶ 2, at p. 16.  Accordingly, the

MOTION TO DISMISS OF DEFENDANTS - 8
CASE NO.  09-05418 RJB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

124386.0001/1767726.1

1  National Bank Act and OCC regulations are applicable to First Franklin. *See id.*; *see also* 12
2  C.F.R. 7.4006 (operating subsidiaries subject to state regulations only to same extent as
3  national bank).

4  In areas where there is a history of significant federal presence, such as national
5  banking, there is a presumption in favor of preemption. *Bank of America v. City and County*
6  *of San Francisco*, 309 F.3d 551, 561 (9th Cir. 2002) ("*City and County of SF*"); *see also*
7  *Wells Fargo Bank, N.A. v. Boutris*, 419 F.3d 949, 956 (9th Cir. 2005) ("*Boutris*").
8  Preemption is an issue of Congressional intent. *See Cal. Fed. Savings & Loan Ass'n. v.*
9  *Guerra*, 479 U.S. 272, 280 (1987); *see also* U.S. Const., Art IV, cl. 2. Federal preemption
10 may "be either express or implied and is compelled whether Congress' command is explicitly
11 stated in the statute's language or implicitly contained in its structure and purpose." *Fidelity*
12 *Fed. Savings & Loan Ass'n. v. de la Cuesta*, 458 U.S. 141, 152-53 (1982) ("*de la Cuesta*");
13 *see also Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 30-31 (1996) ("*Barnett*
14 *Bank*"). Preemption exists when federal regulation is "so pervasive as to make reasonable the
15 inference that Congress left no room for the States to supplement it." *See id.* at 31 (citing
16 *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). In such cases, "the mere volume
17 and complexity of federal regulations demonstrate an implicit Congressional intent to dispose
18 all state law." *Bank of America v. City and County of San Francisco*, 309 F.3d 551, 558 (9th
19 Cir. 2002) ("*City and County of SF*"). In addition, "[e]ven where Congress has not
20 completely displaced state regulation in a specific area, state law is nullified to the extent that
21 it actually conflicts with federal law." *de la Cuesta*, 458 U.S. at 153. Such a conflict exists
22 when compliance with both is a "physical impossibility," or when the state law "stands as an
23 obstacle to the accomplishment and execution of the full purposes and objectives of
24 Congress." *Barnett Bank*, 517 U.S. at 31; *see also Hines v. Davidowitz*, 312 U.S. 52, 67
25 (1941); *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-43 (1963).

26

MOTION TO DISMISS OF DEFENDANTS - 9
CASE NO. 09-05418 RJB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

124386.0001/1767726.1

It is established that banks are "instrumentalities of the federal government, created for a public purpose, and subject to the paramount authority of the United States." *Marquette Nat'l. Bank v. First of Omaha Service Corp.*, 439 U.S. 299, 308 (1978); *see also McCulloch v. Maryland*, 17 U.S. 316 (1819). "The National Bank Act of 1864 was enacted to protect national banks against intrusive regulation by the States." *City and County of SF*, 309 F.3d at 561. As such, "[t]he history of national banking legislation has been one of interpreting grants of both enumerated and incidental powers to national banks as grants of authority not normally limited by, but rather ordinarily pre-empting, contrary state law." *Id.* at 558. "State attempts to control the conduct of national banks are void if they conflict with federal law, frustrate the purposes of the National Bank Act, or impair the efficiency of national banks to discharge their duties." *Id.*

### 2. OCC Regulations Specifically Preempt State Laws That Limit a National Bank's Real Estate Lending Powers or Prohibit Its Ability to Charge Non-Interest Fees.

Under the National Bank Act, national banks may engage in real estate lending and exercise incidental powers necessary to carry on banking activities, including real estate lending. *See* 12 U.S.C. § 371(a). Incidental powers include those "convenient or useful in connection with the performance of one of the bank's established activities pursuant to its express powers under the National Bank Act." *City and County of SF*, 309 F.3d at 562. Specifically:

> Any national banking association may make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate, subject to section 18(o) of the Federal Deposit Insurance Act and such restrictions and requirements as the Comptroller of the Currency may prescribe by regulation or order.

12 U.S.C. § 371(a); *see also Watters*, 550 U.S. at 10; 12 U.S.C. § 24 (Seventh) (providing national banks shall have power to exercise "all such incidental powers as necessary to carry on the business of banking.") The United States Supreme Court has recognized that it is "[b]eyond genuine dispute" that "state law may not significantly burden a national bank's

MOTION TO DISMISS OF DEFENDANTS - 10
CASE NO. 09-05418 RJB

124386.0001/1767726.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

own exercise of its real estate lending power, just as it may not curtail or hinder a national bank's efficient exercise of any other power, incidental or enumerated under the NBA." *Watters*, 550 U.S. at 18.

In turn, the OCC is authorized to "prescribe by regulation or order" the "restrictions and requirements" on national banks' real estate lending power, without state-imposed restrictions. *See* 12 U.S.C. § 93a; *see also* 12 U.S.C. § 371(a). The OCC has the "authority to displace contrary state regulations where the Bank Act itself preempts contrary state regulation of national banks." *Boutris*, 419 F.3d at 962; *see also Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 312 (2nd Cir. 2005) ("*Burke*") (preemption applied to mortgage subsidiary). "Federal regulations have no less pre-emptive effect than federal statues." *de la Cuesta*, 485 U.S. at 153.

12 C.F.R. § 7.4009(a) provides that "[a] national bank may exercise all powers authorized to it under Federal law, including conducting any activity that is part of, or incidental to, the business of banking, subject to such terms, conditions, and limitations prescribed by the Comptroller of the Currency and any applicable Federal law." "[S]tate laws that obstruct, impair, or condition a national bank's ability to fully exercise its powers to conduct activities authorized under Federal law do not apply to national banks." 12 C.F.R. § 7.4009(b).

Regulations designed "to set forth standards for real estate-related lending and associated activities by national banks" are contained within 12 C.F.R. § 34.1 *et seq. See* 12 C.F.R. § 34.1. Therein, the OCC regulations provide that state laws which impair a national bank's ability to exercise its real estate lending powers are expressly preempted. Specifically:

> ... state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized real estate lending powers do not apply to national banks. Specifically, a national bank may make real estate loans under 12 U.S.C. § 371 and § 34.3, without regard to state law limitations concerning:
> ***

MOTION TO DISMISS OF DEFENDANTS - 11
CASE NO. 09-05418 RJB

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

124386.0001/1767726.1

> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages...

12 C.F.R. § 34.4(a)(10) (emphasis added). Additionally, under 12 C.F.R. § 7.4002(a) "[a] national bank may charge its customers non-interest charges and fees, including deposit account service charges." "The OCC applies preemption principles … when determining whether State laws apply that purport to limit or prohibit charges and fees described in this section." 12 C.F.R. § 7.4002(d).

### 3. Plaintiff's Claims are Preempted.

The state statute upon which Plaintiff bases his claims applies to junior lien loans. Washington Administrative Code section 208-620-560(7) provides that: "A licensee may not collect a document preparation fee, a processing fee or a courier fee unless paid to an unrelated third party and agreed to in advance by the borrower." WAC § 208-620-560(7). Accordingly, Plaintiff's proposed application of the statute to the bank is an attempt to limit the bank's lending activities and incidental powers, and is preempted. Further, under the authority granted to it by Congress, the OCC has explicitly held that state laws relating to the "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are preempted. *See* 12 C.F.R. § 34.4(a)(10). Because the OCC has explicitly authorized national banks to make real estate loans without regard to state law limitations, Plaintiff's attempt to limit the fees national bank First Franklin may charge through application of the state statute is preempted, and Plaintiff cannot assert a claim for violation of the statute.

Additionally, as expressly provided for in 12 C.F.R. § 7.4002, a national bank "may charge its customers non-interest charges and fees, including deposit account service charges" and the determination of such charges and fees are "business decisions to be made by each bank, in its discretion, according to sound banking judgment and safe and sound banking principles." 12 C.F.R. §§ 7.4002(a), (b)(2). Therefore, the state statute here is in direct

MOTION TO DISMISS OF DEFENDANTS - 12
CASE NO. 09-05418 RJB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

124386.0001/1767726.1

conflict with the OCC's regulations as set forth in § 7.4002 and Plaintiff's claims are preempted.

Because Plaintiff's claims seek to impose state law limitations on a national bank's powers to carry on real estate lending, and the specifically enumerated ability to charge its customers non-interest charges and fees, the claims are preempted, and Plaintiff's Complaint should be dismissed.

### 4. Plaintiff's Washington Consumer Protection Act and Injunctive Relief Claims Are Preempted.

Plaintiff can not avoid the preemptive effect of the National Bank Act by arguing that the Washington Consumer Protection Act claims are laws of general application or consumer protection, and, therefore, not preempted. The Washington Consumer Protection Act specifically exempts transactions which are "otherwise permitted, prohibited or regulated under laws administered by ... any other regulatory body or officer acting under statutory authority of ... the United States[.]" RCW 19.86.170. The OCC enforces federal regulations to resolve questions of unfair and deceptive practices by national banks. *See Vogt v. Seattle-First Nat'l Bank*, 117 Wash.2d 541, 555 (1991); 15 U.S.C. § 57a(f)(1), (2). Where it is apparent that the loan practices at issue are specifically regulated by the OCC, a plaintiff's consumer protection claim is preempted. *See Miller v. U.S. Bank of Wash., N.A.*, 72 Wn. App. 416 (1994) (holding that a customer's claims against bank alleging that loan collection practices were unfair or deception in violation of Washington's Consumer Protection Act were preempted by the National Bank Act because the practices were specifically regulated by the OCC).

Here, the only conduct Plaintiff alleges is that the fees charged allegedly violated the state statute. The Washington Consumer Protection Act claims are based on those alleged statutory violations. *See* Complaint ¶¶ 6.1-6.11. Similarly, Plaintiff's claim for injunctive relief is based on the same allegations. Complaint ¶ 6.14. Plaintiff does not allege any

MOTION TO DISMISS OF DEFENDANTS - 13
CASE NO. 09-05418 RJB

124386.0001/1767726.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

violation of federal law or any independent "wrongdoing" other than the charging of these fees. Because Plaintiff's claims are all solely based on the alleged charging of fees prohibited under a state statute, the claims are in conflict with the National Bank Act and the regulations thereunder. *See*, *e.g*. 12 U.S.C. § 371(a); *see also City and County of SF*, 309 F.3d at 562; *Watters*, 550 U.S. at 10; *Barnett Bank*, 517 U.S. at 31, 12 C.F.R. § 34.4(a)(10); 12 C.F.R. § 7.4002(a). Accordingly, application of the Washington Consumer Protection Act claims to prohibit such fees would be in direct conflict with OCC regulations and stand as an obstacle to the Congressional intent that national banks be free to make real estate loans and maintain such accounts without state interference, and Plaintiff's Complaint should be dismissed.

### D. PLAINTIFF CANNOT AMEND TO STATE A CAUSE OF ACTION.

A motion to dismiss may be granted without leave to amend when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law. *See Albrech v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988). Because the statute upon which Plaintiff seeks to base his claims is inapplicable to Plaintiff's transactions, and because Plaintiff's claims are preempted by the National Bank Act, Plaintiff cannot amend to state a cause of action. Accordingly, Plaintiff's Complaint should be dismissed without leave to amend.

### VI.   CONCLUSION

Each cause of action alleged in Plaintiff's Complaint fails to state a plausible claim and is preempted. Accordingly, and for all the reasons set forth above, Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action. Therefore, Defendants First Franklin, Merrill Lynch and Bank of America Corporation respectfully request that this Court dismiss Plaintiff's Complaint in its entirety with prejudice.

///

///

///

MOTION TO DISMISS OF DEFENDANTS - 14
CASE NO.  09-05418 RJB

124386.0001/1767726.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  DATED: October 19, 2009

                                            LANE POWELL PC

By <u>s/John S. Devlin</u>
   John S. Devlin III, WSBA No. 23988
   LANE POWELL PC
   1420 Fifth Avenue, Suite 4100
   Seattle, WA 98101-2338
   Telephone: (206) 223-7000
   Facsimile: (206) 223-7107
   Email: devlinj@lanepowell.com

Attorneys for Defendants,
First Franklin, Merrill Lynch & Co., Inc., and
Bank of America Corporation.

---

MOTION TO DISMISS OF DEFENDANTS - 15
CASE NO. 09-05418 RJB

124386.0001/1767726.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 19th day of October, 2009, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

**Charles Clinton Hunter**
REICH & BINSTOCK
4265 SAN FELIPE
STE 1000
HOUSTON , TX 77027
713-622-7271
Email: chunter@rbfirm.net

**Debra Brewer Hayes**
REICH & BINSTOCK
4265 SAN FELIPE
STE 1000
HOUSTON , TX 77027
713-862-2152
Email: dhayes@dhayeslaw.com

**Stephen M Hansen**
LOWENBERG LOPEZ & HANSEN
950 PACIFIC AVE
SUITE 450
TACOMA , WA 98402
253-383-1964
Email: llhlaw@aol.com

Executed on 19th day of October, 2009, at Seattle, Washington.

s/ Leah S. Burrus
Leah S. Burrus

MOTION TO DISMISS OF DEFENDANTS - 16
CASE NO.  09-05418 RJB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

124386.0001/1767726.1