UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROGER J. DEMING,<br><br>        Plaintiff,<br><br>  v.<br><br>FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK, MERRILL LYNCH & CO. INC., and BANK OF AMERICA CORPORATION<br><br>        Defendants. | Case No. 09-5418RJB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND A STAY |

    This matter comes before the court on defendants' motion for certification of the court's order on reconsideration for interlocutory appeal and stay (Dkt. 45). The court has considered the motion, the response and reply thereof, and the remainder of the file herein.

    On April 23, 2010, the court issued an order granting the defendants' motion for reconsideration and striking the court's March 9, 2010 order denying defendantss motion to dismiss. Dkt. 44. In the April 23rd order, the court found that in light of a recent Ninth Circuit case, *Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d 549 (9th Cir. 2010), the National Banking Act ("NBA") and the Office of the Comptroller of the Currency ("OCC") regulations preempted state consumer protections laws, but did not preempt state common law. Dkt. 44.

    On May 7, 2010, the defendants filed a motion for certification and interlocutory appeal of the April 23rd order. Dkt. 45. The defendants are seeking to determine whether the NBA and

ORDER - 1

§§ 7.4002 and 34.4 preempt plaintiff's common law claims related to the charging of non-interest administrative and compliance review fees. Dkt. 45, at 6. The defendants are also seeking to stay the case pending interlocutory appeal. Dkt. 45, at 12.

Under 28 U.S.C. §1292(b), a district court may grant interlocutory appeal if an order "involves a controlling question of law" where there is "substantial ground for difference of opinion" and an immediate appeal will "materially advance the ultimate termination of the litigation." In this case, the question of law is whether the NBA and §§ 7.4002 and 34.4 preempt plaintiff's state common law claims. State common law claims are the only remaining claims by the plaintiff in this action. Preemption of the state common law related those claims materially affect the plaintiff's case in this court. Therefore, the question of law is a controlling question of law.

Additionally, it is clear from the parties' filings that there is substantial ground for difference of opinion on the controlling question of law. Plaintiff asserts that state common law is not preempted by federal law and OCC regulations, while the defendants assert that state common law is preempted. The parties also disagree on the scope and meaning of the *Martinez* case. Finally, resolution of the question of law would materially advance the ultimate termination of litigation. If state common law is preempted by the NBA and regulations thereunder, then the plaintiff's case may be dismissed, thus ending litigation in this court. For the foregoing reasons, the defendants' motion for interlocutory appeal should be granted.

It is also appropriate to grant the defendant's motion for stay of the court's proceedings. 28 U.S.C. § 1292(b) provides that an application for an appeal will not stay proceedings in the district court unless the district judge so orders. In this case, the controlling question of law encompasses the entirety of the plaintiff's remaining claims. It would be inefficient and a waste of judicial resources and the parties' resources to continue proceedings while the matter is on appeal. Therefore, the district court proceedings should be stayed pending resolution of appeal.

The Court does hereby find and **ORDER**:

(1) Defendants' motion for certification and interlocutory appeal (Dkt. 45) is **GRANTED**;

(2) Defendants' motion for stay (Dkt. 45) is **GRANTED**; further proceedings in this court are stayed pending the filing of a petition for permission to appeal in the U.S. Court of Appeals for the Ninth Circuit, the disposition of that petition, and the disposition of any appeal permitted by the appellate court;  and

(3)  The Clerk is directed to send copies of this Order all counsel of record and any party appearing *pro se* at said party's last known address.

DATED this 7th day of June, 2010.

Robert J. Bryan
United States District Judge

ORDER - 3