UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| ROGER J. DEMING, | CASE NO. C09-5418 RJB |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK; MERRILL LYNCH & CO., INC.; and BANK OF AMERICA CORPORATION; | |
| Defendants. | |

This matter comes before the Court on cross motions for summary judgment. Dkt. 74 and 79. The Court has considered the pleadings in support of and in opposition to the motions and the record herein.

**PROCEDURAL HISTORY**

On July 10, 2009, Plaintiff Roger Deming filed a complaint against the Defendants First Franklin, Merrill Lynch, and Bank of America alleging that the Defendants' mortgage lending settlement practices violated the Washington State Consumer Loan Act, RCW 31.04, and the

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT- 1

Washington Consumer Protection Act (CPA), RCW 19.86. Dkt. 1. On December 4, 2009, the Plaintiff filed an amended complaint which alleged the Defendants violated the CPA, committed fraud through concealment, negligence, and breach of contract. Dkt. 23.

On March 31, 2010, the Court denied Defendants' Fed. R. Civ. P 12(b)(6) motion to dismiss the amended complaint. Dkt. 31. On April 23, 2010, the Court granted Defendants' motion for reconsideration, dismissing Plaintiff's CPA claim. Dkt. 44. The Court held that Plaintiff's claims arising under the Washington Consumer Protection Act were preempted by the National Banking Act (NBA) and implementing regulations. Dkt. 44 pp. 5-7. See *Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d 549 (9th Cir. 2010)(California Unfair Competition Law preempted by the NBA).

On September 8, 2011, the Court granted Plaintiff's unopposed motion to file a second amended complaint. Dkt. 57. This complaint removed the dismissed CPA claim and included additional causes of action. Dkt. 55. The second amended complaint states as causes of action: (1) fraud through concealment, (2) negligence, (3) negligence as a matter of law, (4) breach of contract, and (5) unjust enrichment. Dkt. 58. The complaint states that the action arises from First Franklin's residential mortgage lending settlement practices. Dkt. 58 pp. 1. Plaintiff specifically contests the administration and compliance review fees charged by First Franklin as part of two mortgages obtained by Plaintiff in December 2006. Dkt. 58 pp. 3. Plaintiff claims that these fees are unlawful under Washington Consumer Loan Act, RCW 31.04.105, and implementing regulations, or in the alternative, that Plaintiff received no value in exchange for the fees due to their illegality. Dkt. 58 pp. 3-6. Merrill Lynch and Bank of America are named Defendants as successors-in-interest to First Franklin. Dkt. 58 pp. 6.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT- 2

**FIRST FRANKLIN MOTGAGE SETTLEMENT PRACTICES**

In December 2006 Plaintiff and his then wife Robyn applied for financing to purchase a home located at 5443 Anton Court SE, Olympia, Washington 98501. Dkt. 81-2 pp. 2-7. On December 13, 2006, Plaintiff and his wife executed an Adjustable Rate Note payable to First Franklin in the original principal sum of $202,400.00 (senior loan) and a Fixed Rate Note payable to First Franklin in the original principal sum of $50,600.00 (junior loan). Dkt. 81-3 pp. 2-13. Both notes were secured by Deeds of Trust on the Property in favor of First Franklin. Dkt. 81-4 and 81-5. Plaintiff defaulted on the loan payments. Dkt. 81-1 pp. 6-7.

In connection with the senior loan, First Franklin received out of the close of escrow a $795 administrative fee and a $15 compliance review fee. In connection with the junior loan, First Franklin received out of the close of escrow a $350 administrative fee and a $15 compliance review fee. Dkt. 81-2 pp. 2-7. The administrative fees covered tasks performed by First Franklin associated with funding the loan, such as underwriting and generating and reviewing loan documentation. Dkt. 81-6. The compliance review fees covered a payment to Mavent, Inc., a third party company that provided compliance review software to lenders. *Id*. Mavent reviewed First Franklin loans for compliance with applicable state and federal laws. *Id.*

Defendants Merrill Lynch and Bank of America are successors-in-interest to First Franklin. Dkt. 81-7 pp. 2-4.

It is assessment of these administrative and compliance review fees that form the basis of this suit. Plaintiff asserts that these fees were collected in violation of the Washington Consumer Loan Act and its implementing regulations and thus, the Defendants are liable for fraud through concealment, negligence, breach of contract, and unjust enrichment.

Both Plaintiff and Defendants move for summary judgment.

| | |
|---|---|
| 1 | **SUMMARY JUDGMENT STANDARDS** |
| 2 | Summary judgment is appropriate only when the pleadings, depositions, answers to |
| 3 | interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, |
| 4 | and other materials in the record show that "there is no genuine issue as to any material fact and |
| 5 | the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a |
| 6 | motion for summary judgment, the evidence, together with all inferences that can reasonably be |
| 7 | drawn therefrom, must be read in the light most favorable to the party opposing the motion. |
| 8 | *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of* |
| 9 | *Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001). |
| 10 | The moving party bears the initial burden of informing the court of the basis for its |
| 11 | motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex* |
| 12 | *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of |
| 13 | proof, the moving party must make a showing that is sufficient for the court to hold that no |
| 14 | reasonable trier of fact could find other than for the moving party. *Idema v. Dreamworks, Inc.*, |
| 15 | 162 F.Supp.2d 1129, 1141 (C.D. Cal.2001). |
| 16 | To successfully rebut a motion for summary judgment, the non-moving party must point |
| 17 | to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.* |
| 18 | *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact that might |
| 19 | affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 |
| 20 | U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, |
| 21 | summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983). A |
| 22 | dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable |
| 23 | jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. at |
| 24 | |

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT- 4

248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *Id.* at 252.

## WASHINGTON CONSUMER LOAN ACT

The Consumer Loan Act (CLA) was enacted by the Washington legislature in 1991. See RCW 31.04.005 through 31.04.902. Recognizing that borrowers with poor credit ratings have a difficult time obtaining loans at allowable rates, the legislature enacted the CLA to "authorize higher interest rates for certain types of loans, subject to the conditions and limitations contained in this chapter in order to ensure credit availability." RCW 31.04.005; *Bell v. Muller*, 129 Wn. App. 177, 186-87, 118 P.3d 405, 410 (2005), *review denied*, 158 Wn.2d 1002, 143 P.3d 828 (2006). A person licensed under the CLA may lend money at a rate that would otherwise violate Washington's usury statute, up to a rate that does not exceed 25 percent per annum, so long as they are licensed under the CLA. RCW 31.04.105(1).31.04.025 sets forth the specific loans to which the CLA applies. At the time of Plaintiff's loans, it provided:

> Each loan made to a resident of this state by a licensee is subject to the authority and restrictions of this chapter . . . This chapter shall not apply to any person doing business under and as permitted by any law of this state or of the United States relating to banks, savings banks, trust companies, savings and loan or building and loan associations, or credit unions [.]

On June 21, 2011, the statute was amended to read:

> (1) Each loan made to a resident of this state by a licensee, or persons subject to this chapter, is subject to the authority and restrictions of this chapter . . .
>
> (2)(a) This chapter does not apply to the following:
>
> ***
> (2) Any person doing business under, and as permitted by, any law of this state or of the United States relating to banks, savings banks, trust companies, savings and loan or building and loan associations, or credit unions.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT- 5

RCW 31.04.025.

The Department of Financial Institutions (DFI) adopted regulations to implement the CLA. WAC 208-620-560, which was in effect at the time of Plaintiffs' loans, stated:

> What restrictions are there for charging fees on junior lien loans other than the loan origination fee when acting as a lender or correspondent lender?
> * * *
> (7) Administrative fees. A licensee may not collect a document preparation fee, a processing fee or a courier fee unless paid to an unrelated third party and agreed to in advance by the borrower.

Effective January 23, 2009, the regulation was amended to read:

> What fees are not allowed under the Consumer Loan Act?
> * * *
> (6) Administrative fees. On nonmortgages, junior lien and first lien mortgages by licensees who are not 'creditors' under the Depository Institutions Deregulatory and Monetary Control Act, you must not collect a document preparation fee, a processing fee, an administrative fee, an application fee, or a courier fee unless paid to an unrelated third party and agreed to in writing in advance by the borrower.

WAC 208-620-560(6) (2009)

Prior to 2005, First Franklin held a CLA license issued by the DFI. Dkt. 81-8 pp. 9. In January of 2005, about two years prior to Plaintiff's loans, all outstanding stock of First Franklin was purchased by National City Bank of Indiana, a national bank. Dkt. 81-7 pp. 3. Concurrently, First Franklin surrendered its DFI license. Dkt. 81-8 pp. 1-13. Thus, at the time Plaintiff obtained this financing in 2006, First Franklin was a wholly owned subsidiary of National City Bank and did not have a DFI license.

In this case, it is undisputed that at the time of this mortgage loan transaction First Franklin was not licensed under the CLA. At the time of Plaintiff's loans, the CLA provided: "Each loan made to a resident of this state by a licensee is subject to the authority and restrictions of this chapter …" RCW 31.04.025.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT- 6

According to the plain language of the CLA, it only applies to loans made by a licensee. Licensing under the CLA is voluntary. *Bell v. Muller*, 129 Wn. App. 177, 187–88, 118 P.3d 405, 410 (2005), *review denied*, 158 Wn.2d 1002, 143 P.3d 828 (2006). A lender that makes loans at a rate that exceeds Washington's usury statute without a license potentially violates the state's usury statute, not the CLA. *Id.*

In this case it is undisputed that First Franklin was not licensed under the CLA at the time the loans were made to Plaintiff. Only licensees are subject to the authority and restrictions of the CLA. Accordingly, at the time of the execution of Plaintiff's loans, First Franklin was not subject to the CLA or its implementing regulations. First Franklin was not subject to the CLA regulations governing mortgage settlement fees and the common law causes of action premised on a violation of the statute and its regulations cannot be maintained.

In acknowledgement of this analysis, Plaintiff argues that the loan transaction is subject to the CLA as amended in 2011. In July of this year, RCW 31.04.025 was amended to provide that its provisions apply to "[e]ach loan made to a resident of this state by a licensee, *or persons subject to this chapter …*"

Plaintiff asserts that this language brings First Franklin within the scope of the CLA. This argument lacks merit. First, there is nothing in this language that provides that First Franklin is a "person subject to this chapter." Second, Plaintiff seeks retroactive application of the statute. Retroactive application of an amendment is proper only under certain circumstances. A statute applies prospectively unless it is curative or remedial in nature or unless the legislature provides for retroactive application. *Densley v. Department of Ret. Sys.*, 162 Wn.2d 210, 223, 173 P.3d 885 (2007); Loeffelholz v. University of Washington, 162 Wn.App. 360, 368, 253 P.3d 483 (2011). A remedial statute is one which relates to practice, procedures, and remedies.

*Loeffelholz*, at 368; *State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334 (1997). A curative amendment is one that clarifies or technically corrects an ambiguous statute. *Loeffelholz*, at 368-69; *Washington State Farm Bureau Fed'n v. Gregoire*, 162 Wn.2d 284, 303, 174 P.3d 1142 (2007). The amendment to RCW 31.04.025 was neither remedial nor curative. Further, a statute which creates a new right of action applies prospectively only. *Loeffelholz*, at 369; *Johnston v. Beneficial Mgmt. Corp. of America*, 85 Wn.2d 637, 641, 538 P.2d 510 (1975).

Here, Plaintiff attempts to assert a cause of action premised on an amendment to a statute that previously imposed no duty on these Defendants. The rules of retroactivity prohibit such construction of the statute.

The First Franklin loans are not subject to the CLA and Plaintiff cannot premise a cause of action for violation of the Act or its implementing regulations.

An additional basis for dismissal of Plaintiff's claims is the specific exemption of banks subject to federal regulation from operation of the CLA. At the time of the Franklin loans, RCW provided:

> ***This chapter shall not apply to any* person *doing business under and as permitted by any law* of this state or *of the United States relating to banks*,** savings banks, trust companies, savings and loan or building and loan associations, or credit unions [.]

RCW 31.04.025 (emphasis added). This exemption remains in the statute as amended. See RCW 31.04.025(2)(a).

At the time of Plaintiff's loans, First Franklin was a wholly owned subsidiary of a national bank, National City Bank. As a national bank, National City Bank was federally regulated by Office of the Comptroller of the Currency (OCC). Dkt. 81-9. As a wholly owned subsidiary of a bank, First Franklin was therefore subject to OCC governance, not to the CLA or regulations of the DFI. See, *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1 (2007)(Wachovia's

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT- 8

mortgage business, whether conducted by the bank itself or through the bank's operating subsidiary, is subject to OCC's superintendence, and not to the licensing, reporting, and visitorial regimes of the several states in which the subsidiary operates). The Franklin loans were subject to OCC governance and exempt from operation of the CLA. Plaintiff cannot premise causes of action on a violation of the CLA or its regulations.[1]

## CONCLUSION

Defendants have presented this Court with law that conclusively establishes that the Washington Consumer Loan Act and its regulations did not apply to First Franklin, both because they did not apply to entities such as First Franklin operating under federal banking law, and because they only applied to licensees of the Department of Financial Institutions, which First Franklin was not. All of Plaintiff's claims are premised on a violation of the CLA and/or its regulations. There being no violation of the CLA or its regulations, the Defendants are entitled to summary judgment.

Therefore, it is hereby **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Dkt. 79), incorporating Motion for Partial Summary Judgment (Dkt. 56) is **DENIED**.
2. Defendants' Motion for Summary Judgment (Dkt. 74) is **GRANTED**.
3. All remaining motions (Dkt. 59, 60, and 70) are **DENIED** as **MOOT**.
4. Plaintiff's claims are **DISMISSED** in their entirety.

---

[1] This Court previously dismissed Plaintiff's claim for violation of the Washington Consumer Protection Act on the ground the claim was preempted by federal law. Dkt. 44. Although not raised or addressed in this Order, it appears that application of the CLA would similarly be preempted by federal law. See *Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d 549 (9th Cir. 2010),

Dated this 8th day of November, 2011.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT- 10